UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-61141-CIV-WILLIAMS

CHARLES AYALA,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's motion to strike sworn declarations filed in Defendant's reply to Plaintiff's response in opposition to Defendant's motion for summary judgment (DE 48) and a Status Conference held on July 20, 2016. Upon review of the motion and the record, and for the reasons discussed at the Status Conference, the motion (DE 55) is **GRANTED IN PART AND DENIED IN PART** as follows:

    1.    The affidavits attached to Defendant's reply brief (DE 47) are **STRICKEN** to the extent that they include evidence regarding whether Plaintiff asked to be demoted. (DE 47-1 ¶¶ 2-5; DE 47-3 ¶¶ 3-6; DE 47-4 ¶¶ 2-5). Such evidence is irrelevant to disposition of this case, as is Defendant's reliance on a factually distinguishable case involving restructuring, *Minton v. American Bankers Insurance Group, Inc.*, No. 00-3376-CIV, 2002 WL 1040984, at *7 (S.D. Fla. Apr. 24, 2002). Moreover, this new evidence was presented in contravention of the spirit, if not the letter, of Local Rule 7.1(c), which provides that "reply memorand[a] shall be strictly limited to rebuttal of matters raised in the memorandum in opposition." The Court will

not consider citation to the stricken materials in deciding Defendant's motion for summary judgment.

    2.    In the motion and at the Status Conference, Plaintiff also objected to Defendant's inclusion of new evidence in the affidavits attached to its reply brief (DE 47) about the absence of any Redbook investigation against Plaintiff's proposed comparator David Meschi. In light of this objection, the Court allowed Plaintiff to file a sur-reply. After considering the sur-reply (DE 56), Defendant's notice of filing deposition designations (DE 55), and the record, the Court finds the record insufficient to establish that Defendant's 2011 Redbook investigation into Plaintiff played no role in Plaintiff's termination. Plaintiff did not dispute Defendant's statement of material fact that the 2011 Redbook investigation led to a "Decision Day/Third Written Coaching" issued May 10, 2011 that became part of Plaintiff's disciplinary history prior to his termination. (Plaintiff's Statement of Disputed Material Facts DE 45 ¶ 14). Further, Ernest Smith unambiguously testified that the Redbook investigation "was a factor" in Plaintiff's termination (Ernest Smith May 9, 2016 Deposition Excerpts DE 56-1 at 3-4), a statement that, in light of Plaintiff's pre-termination disciplinary record, is not mutually exclusive with Smith's later testimony that the immediate cause for Ayala's termination was store production and performance and not employee morale issues. (DE 56-1 at 8). Likewise, although Rob Goding confirmed that the Redbook investigation was not the immediate cause of Ayala's termination (Robert Goding May 11, 2016 Deposition Excerpts DE 55-1 at 9-10), he testified that that the employee morale issues raised in the Redbook investigation and in various written reports in the record were "part of the

process leading up to" the termination (DE 55-1 at 13).  Finally, although Elise Vazquez-Warner had no recollection of Defendant's Redbook investigation, she testified that that she deliberately chose not to review past disciplinary files in order to form her own opinions on employee performance (Elise Vazquez-Warner May 4, 2016 Desposition Excerpts DE 56-3 at 6).  This does not contradict the fact that Ayala's disciplinary record prior to his termination included the 2011 Redbook investigation.  Consequently, the Court declines to strike Defendant's affidavits to the extent that they include evidence about the absence of a Redbook investigation against Plaintiff's proposed comparator Meschi.

3.   The Court declines to strike the remainder of the affidavits attached to Defendant's reply.

**DONE AND ORDERED** in chambers in Miami, Florida, this 26th day of July, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3